```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **PAMELA RENEE SAVAGE,** *et al.*, | * |
| | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00266-KD-B |
| | * |
| **STATE FARM MUTUAL AUTOMOBILE** | * |
| **INSURANCE COMPANY,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiffs' Motion to Remand and for Attorney's Fees. (Doc. 8). The motion has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR(a)(2)(S). Upon consideration, the undersigned **RECOMMENDS** that Plaintiffs' request to have this case remanded to the Circuit Court of Clarke County, Alabama, be **GRANTED,** and that their request for attorney's fees be **DENIED.**

Plaintiffs Pamela Renee Savage, Kimberly Mefford, and Amanda Carter filed the instant action in the Circuit Court of Clarke County against Defendants State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and its agent, Nick Waugh. (Doc. 1-2). Plaintiffs assert breach of contract and bad faith claims against Defendants based on an automobile insurance policy that Plaintiff Savage purchased from Waugh and State

Farm. (Id.). With Defendant Waugh's consent, State Farm removed this action to this Court on the basis of diversity jurisdiction. (Doc. 1). In the notice of removal, State Farm asserted that while Plaintiffs and Defendant Waugh are citizens of the same state, Waugh was fraudulently joined; thus, his citizenship should be disregarded. (Id. at 3-6). State Farm also argued that the amount in controversy was in excess of $75,000, exclusive of interests and costs. (Id. at 6-10).

Plaintiffs timely filed a motion to remand. (Doc. 8). In their motion, Plaintiffs argue that Waugh was not fraudulently joined, and that State Farm has not made a sufficient showing that the amount in controversy has been met. (Id.). Additionally, Plaintiffs submitted a stipulation and affidavit, which were signed by their counsel and advise that Plaintiffs were not seeking and would not accept in excess of $74,000 in damages, even if awarded by a jury. (Doc. 8-1 at 2). Counsel for Defendants filed a response advising that, in light of the stipulation and affidavit, Defendants consent to this case being remanded to the Circuit Court of Clarke County, but oppose the request for attorney fees. (Doc. 10).

On a motion to remand, the removing party bears the burden of proving proper federal jurisdiction. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th

Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted); McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Beasley v. Fred's, Inc., 2008 WL 899249 at *1, 2008 U.S. Dist. LEXIS 26210 at *3-4 (S.D. Ala. Mar. 31, 2008) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

Ordinarily, a defendant would attempt to show removal was proper, but since Defendants have consented to remand, the Court must determine whether it has jurisdiction solely based on the complaint and the notice of removal. From a review of the complaint and notice of removal, it is not clear that complete diversity exists since Defendant Waugh and Plaintiffs are all citizens of Alabama. Accordingly, the undersigned cannot find that a preponderance of the evidence that complete diversity

3

exists.[1] It is therefore recommended that this action be remanded to the Circuit Court of Clarke County.

As noted by Defendants, Plaintiffs included attorney's fees in the title of their motion to remand, but their motion does not contain any argument in support of said request. In view of such, the undersigned finds that it is appropriate to consider the claim as abandoned. See, e.g., Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment); see also Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned); Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Sullivan v. City of Satsuma, 2005 WL 2206222, 2005 U.S. Dist. LEXIS 33017 (S.D. Ala. Sept. 9, 2005). Accordingly, the undersigned recommends that Plaintiffs request for attorney's fees be deemed abandoned.

---

[1] It is also not clear that the amount in controversy exceeds the threshold amount, where the complaint lists a total of $65,000 in compensatory damages, and an unspecified amount in punitive damages.

4

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiffs' request to have this case remanded to the Circuit Court of Clarke County, Alabama, be **GRANTED**, and that their request for attorney's fees be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

5

in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **18th** day of **July, 2018.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**